**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-00658-CMA-CBS

FRANKLIN D. AZAR & ASSOCIATES, P.C., a Colorado corporation,

      Plaintiff,

v.

FARMERS INSURANCE EXCHANGE, an Insurance Exchange, and
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,
a Connecticut insurer,

      Defendants.

---

**ORDER GRANTING MOTION TO REMAND**

---

      This matter is before the Court on the Motion to Remand and Request for Attorneys' Fees filed by Plaintiff Franklin D. Azar & Associates, P.C. ("Azar"). (Doc. # 12.) For the reasons that follow, Azar's motion is granted.

## I. BACKGROUND

      This action stems from a separate lawsuit filed by Azar against one of its former employees. When the employee in that lawsuit brought counterclaims against Azar, and a third-party complaint against several individuals, Azar and the individual third-party defendants tendered defense of the claims to Farmers Insurance Exchange ("Farmers") and Travelers Casualty and Surety Company of America ("Travelers"), the Defendants in this case, pursuant to liability insurance policies they maintained with the insurers. Farmers agreed to defend Azar and the third-party defendants under a reservation of

rights, while Travelers denied them coverage entirely.  On February 20, 2013, Azar

initiated the instant action in Colorado state court, alleging that Farmers failed to fully

reimburse it and that Travelers improperly denied it coverage to begin with.  On March

13, 2013, Travelers removed the case here on the basis of diversity jurisdiction under

28 U.S.C. § 1332.  (Doc. # 1.)  Azar promptly moved to have the case remanded to

state court.  (*See* Doc. # 12.)  On May 2, 2013, the motion became ripe for ruling.[1]

## II. ANALYSIS

### A.   WHETHER TO REMAND

A defendant may remove a state civil action "to the district court of the United

States for the district and division embracing the place where such action is pending,"

when the federal district court has original jurisdiction over the matter.  28 U.S.C.

§ 1441(a).  District courts have original jurisdiction over "all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interests

and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332(a)(1).

The party invoking federal jurisdiction bears the burden of proving that such jurisdiction

exists.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  Thus, when a defendant

removes a case from state court asserting diversity jurisdiction, it must establish that the

jurisdictional requirements of 28 U.S.C. § 1332 have been met.  *Martin v. Franklin*

*Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  When a case originates in state

---

[1] Travelers responded to Azar's motion on April 18, 2013 (Doc. # 23), to which Azar replied on
May 2, 2013 (Doc. # 25).

court, a "strong presumption" exists against removal, and all ambiguities are resolved in favor of remanding the case.  *See, e.g.*, *id.* at 1289-90.

In the instant case, no party disputes that the amount-in-controversy requirement is satisfied.  Nor do the parties dispute that: Plaintiff, as a Colorado corporation with its principal place of business in Colorado, is a Colorado citizen; Travelers, as a Connecticut corporation with its principal place of business in Connecticut, is a citizen of Connecticut; and Farmers, as an insurance exchange organized under the laws of California with members in Colorado, is a citizen of, among other places, Colorado.[2] Generally, when any plaintiff and defendant share citizenship of the same state, as Azar and Farmers do here, diversity jurisdiction fails.  *See, e.g.*, *Cameron v. State Farm Mut. Auto Ins. Co.*, No. 10-cv-00699, 2010 WL 1413174, at *3 (D. Colo. April 2, 2010) (unpublished) (to establish diversity jurisdiction, "no plaintiff may be the citizen of a state of which any defendant is also a citizen").  To evade this outcome, however, Travelers asserts that Azar "fraudulently misjoined Farmers to defeat diversity jurisdiction."  (Doc. # 1 at 6.)

"Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action."  *Lafalier v. State Farm Fire & Cas. Co.*, 391 Fed. Appx. 732, 739 (10th Cir. Aug. 19, 2010) (unpublished)

---

[2] An insurance exchange is considered a citizen of every state in which its members are citizens.  *See, e.g.*, *Tuck v. United Servs. Auto Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) ("[F]or purposes of diversity jurisdiction, the citizenship of an unincorporated association is the citizenship of the individual members of the association." (quotation marks and citation omitted)).  Because Farmers has Colorado members, it is a Colorado citizen for jurisdictional purposes.

(quotation marks and citation omitted).  In a diversity case proceeding under Colorado law, joining "multiple defendants in a single action is governed by Rule 20 of the Colorado Rules of Civil Procedure."  *Roche Constructors, Inc. v. One Beacon Am. Ins. Co.*, No. 11-cv-01903, 2012 WL 1060000, at *4 (D. Colo. Mar. 28, 2012) (unpublished).[3]

Rule 20 provides:

> All persons may be joined in one action as defendants if there is asserted against them . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.  A . . . defendant need not be interested in . . . defending against all the relief demanded.  Judgment may be given . . . against one or more defendants according to their respective liabilities.

The Supreme Court of Colorado has "recognize[d] that the broadest possible reading of C.R.C.P. 20 is desirable."  *City of Aurora v. Simpson*, 105 P.3d 595, 623 (Colo. 2005).  Permissive joinder is generally "encouraged for purposes of judicial economy."  *Spencer v. Sytsma*, 67 P.3d 1, 3 (Colo. 2003).

In the instant case, Travelers' assertion that Azar fraudulently misjoined Farmers fails for two reasons.  First, the Tenth Circuit has not adopted the doctrine of fraudulent misjoinder.  *See Lafalier*, 391 Fed. Appx. at 739 (declining to decide whether to adopt fraudulent misjoinder doctrine and resolving case on other grounds); *Franklin D. Azar*

---

[3] Travelers asserts that, "[i]n applying the fraudulent misjoinder doctrine, the Court should apply the standard of Rule 20 of the Federal Rules of Civil Procedure . . . ."  (Doc. # 23 at 8.) However, whether the Court applies the federal or state joinder standard is immaterial, as the standard essentially does not differ between the two, and both liberally permit joinder of defendants.  *Compare, e.g.*, *Patrick Collins, Inc. v. John Does 1-33*, No. 11-cv-02163, 2012 WL 415424, at *1 (D. Colo. Feb. 8, 2012) (unpublished) (noting that Rule 20 of the Federal Rules of Civil Procedure allows for "permissive joinder" of defendants), *with, e.g.*, *City of Aurora v. Simpson*, 105 P.3d 595, 623 (Colo. 2005) (explaining that the "broadest possible reading" of Rule 20 of the Colorado Rules of Civil Procedure "is desirable").

& *Assocs., P.C. v. Farmers Ins. Exch.*, No. 13-cv-00661, 2013 WL 1324916, at *2

(D. Colo. April 1, 2013) (unpublished) ("there is no binding precedent in this circuit

requiring that the Court adopt a fraudulent misjoinder theory").  Thus, acceptance of the

doctrine at the appellate level is by no means a foregone conclusion.  Second, and

more importantly, even if the Court were required to apply the doctrine, doing so here

would not avail Travelers, because Azar's decision to join Farmers was proper under

Rule 20.  Azar's claims against both Travelers and Farmers arise out of the same

transaction: *i.e.*, the assertion of claims by Azar's former employee in the underlying

lawsuit, which Azar contends has triggered coverage obligations by Travelers and

Farmers.  Further, the Court agrees with Azar that common questions of law and fact

exist; for example, "Farmers and Travelers will no doubt assert that the claims against

them should be reduced to the extent of coverage by the other."  (Doc. # 25 at 5.)  That

Azar may have to "prove some facts that are unique" to one of the insurers "does not

override judicial efficiency of joined discovery."  *See Roche Constructors, Inc.*, 2012 WL

1060000, at *5.  As such, Azar did not fraudulently misjoin Farmers.

        This result comports with the policy of permissive joinder, which is to be liberally

granted as "the impulse is toward entertaining the broadest possible scope of action

consistent with fairness to the parties; joinder of claims, parties and remedies is strongly

encouraged."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  It also

accords with Judge Martinez's April 1, 2013 decision in *Farmers Ins. Exch.*, 2013 WL

1324916.  In that case, which presented the same parties and highly similar facts to the

instant action,[4] Judge Martinez *sua sponte* remanded the case for lack of jurisdiction

after determining Travelers had failed to show that Azar fraudulently joined Farmers. *Id.*

at *3. Judge Martinez found that the facts giving rise to Azar's claims against Travelers

and Farmers were the same because they stemmed from the claims made against Azar

by its former employee. *Id.* at *2. As such, Judge Martinez concluded that Azar's

"claims against Travelers and Farmers arise from the same transaction or occurrence"

and that such claims involve a "common nucleus of fact." *Id.*

## B.   WHETHER TO AWARD COSTS AND FEES

As to Azar's request for costs and attorney fees, 28 U.S.C. § 1447(c) states that

"[a]n order remanding the case may require payment of just costs and any actual

expenses, including attorney fees, incurred as a result of the removal." Generally,

"courts may award attorney's fees under § 1447(c) only where the removing party

lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital

Corp.*, 546 U.S. 132, 141 (2005). In the instant case, the Court determines that

Travelers lacked such a basis, given that no real doubt existed as to the propriety of

Azar's decision to join Farmers. *Accord Farmers Ins. Exch.*, 2013 WL 1324916, at *2

(noting "little difficulty" in finding that Azar's "claims against Travelers and Farmers arise

from the same transaction or occurrence for joinder purposes").

The cases upon which Travelers relies in its response do not compel a contrary

conclusion. For example, Travelers cites *Tapscott v. MS Dealer Service Corp.*, 77 F.3d

---

[4] The most obvious difference between this case and the one before Judge Martinez is just that
the underlying lawsuit pertaining to each case involves a different former Azar employee.

1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000), for the proposition that "a mere allegation of a common business practice" does not "subject[] all defendants to joinder."  (Doc. # 23 at 5.) Likewise, Travelers cites *Trail Realty, Inc. v. Beckett*, 462 F.2d 396, 400 (10th Cir. 1972), for the assertion that Rule 20 "does not contemplate joinder where . . . an attempt is made to incorporate into an existing action a different action . . . presenting entirely different factual and legal issues."  (Doc. # 23 at 9.)  In the instant case, of course, joinder of Farmers was not predicated on a "mere allegation of a common business practice" with Travelers, nor do Azar's claims against the two insurers present "entirely different" issues of fact and law.  Instead, as already mentioned, Azar's claims against the insurers arise out of the same transaction and involve overlapping factual and legal inquiries.  Accordingly, because joinder was proper, the Court determines that Travelers lacked an objectively reasonable basis for removing the case.

### III. <u>CONCLUSION</u>

For the foregoing reasons, it is ORDERED that the Motion to Remand and Request for Attorneys' Fees filed by Plaintiff Franklin D. Azar & Associates, P.C. (Doc. # 12) is GRANTED, and this action is hereby REMANDED to the District Court for the City and County of Denver, Colorado.  It is

FURTHER ORDERED that Azar is permitted to submit, **within 14 days of service of this Order**, a motion substantiating the amount of its just costs and expenses, including attorney fees, incurred as a result of the removal; Travelers will

then be allowed to submit, **within 10 days of service of Azar's motion**, any objections

to the reasonableness of the amount of costs and expenses requested.  It is

FURTHER ORDERED that Azar's Motion to Stay (Doc. # 13) and Traveler's

Motion to Dismiss/Sever (Doc. # 10) are DENIED AS MOOT in light of the instant Order.

It is

FURTHER ORDERED that the Scheduling Conference/Rule 26(f) Planning

Meeting set for May 8, 2013, is VACATED.

DATED:  May __06__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge