IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-00658-CMA-CBS

FRANKLIN D. AZAR & ASSOCIATES, P.C., a Colorado corporation,

    Plaintiff,

v.

FARMERS INSURANCE EXCHANGE, an Insurance Exchange, and
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,
a Connecticut insurer,

    Defendants.

---

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR ATTORNEY FEES

---

This matter is before the Court on Plaintiff Franklin D. Azar & Associates, P.C.'s ("Azar") Motion for Order to Approve Fee Application. (Doc. # 29). Defendant Travelers Casualty and Surety Company of America ("Travelers") filed an Objection. (Doc. # 30.) For reasons described below and pursuant to the Court's Order Granting Motion to Remand, *Franklin D. Azar & Associates, P.C. v. Farmers Ins. Exch.*, No. 13-cv-00658, 2013 WL 1874198 (D. Colo. May 6, 2013) (unpublished), the Court grants the motion in part, denies it in part, and awards fees in the amount of $9,674.00.

### I. <u>BACKGROUND</u>

Travelers improperly removed this matter. *See id.* Azar filed a motion to remand the action to state court and requested attorney fees and costs incurred in responding to the improper removal. (Doc. # 12 at 1.) Travelers fought the remand motion (*see* Doc.

## 15, 23) and, by doing so, caused unnecessary delay and expense.  On May 6, 2013, the Court remanded the action to state court but retained jurisdiction for the limited purpose of adjudicating Azar's request for attorney fees and costs.  *Azar & Associates*, 2013 WL 1874198, at *4.

Pursuant to the Court's May 6, 2013 Order, Azar filed a motion on May 20, 2013, requesting $14,242.00 in attorney fees.  (Doc. # 29).  Travelers filed an Objection to the motion on May 31, 2013, contending that Azar requested an unreasonable amount of compensation based on overly high hours and billing rates as well as improper documentation.  (Doc. # 30 at 3-8).  Azar submitted a reply in support of its motion on June 7, 2013.  (Doc. # 33.)  In its reply, Azar reduced its request to $12,682.00.  (*See id.*)

## II. <u>LEGAL STANDARD</u>

When evaluating a motion for attorney fees, the Court follows the three-step process set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987).  Azar requested reimbursement of costs and attorney fees under 28 U.S.C. § 1447(c), which states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Generally, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  In the instant case, the Court has

already determined that Travelers lacked such a basis.  *Azar & Associates,* 2013 WL 1874198, at *3.

The first step in determining a fee award is to determine the number of hours reasonably spent by counsel for the prevailing party.  *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996); *Ramos*, 713 F.2d at 553.  Factors considered in a reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task.  *Rocky Mountain Christian Church v. Bd. of Cnty. Comm'rs of Boulder Cnty.*, No. 06-cv-00554, 2010 WL 3703224, at *2-3 (D. Colo. Sept. 13, 2010) (unpublished).  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Although courts are obligated to exclude hours not reasonably expended from the fee award, courts need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'"  *Malloy*, 73 F.3d at 1018 (quoting *Hensley*, 461 U.S. at 437); *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").

Once the Court has determined the number of hours reasonably spent, the second step is to determine a reasonable hourly rate of compensation. *Ramos*, 713 F.2d at 555. "A reasonable rate is the prevailing market rate in the relevant community." *Malloy*, 73 F.3d at 1018 (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). The party seeking the award has the burden of persuading the Court that the hours expended and the hourly rate are both reasonable. *Id.*

The third step consists of multiplying the reasonable hourly rate by the number of hours reasonably expended to determine the "lodestar" amount. *Hensley*, 461 U.S. at 433.

### III.  ANALYSIS

In the instant motion, Azar initially sought an award of $14,242.00 in fees and provided the following table (Doc. # 29-1 at 2):

| Time Keeper | No. of Hours | Hourly Rate | Amount Claimed |
|---|---|---|---|
| Netzorg | 2.37 | $650 | $1,540.50 |
| Kern | 7.00 | $450 | $3,150.00 |
| Sturhahn | 7.00 | $415 | $2,905.00 |
| Stromquist | 21.10 | $315 | $6,646.50 |
| **Total:** | **37.47** | **-** | **$14,242.00** |

In its response, Travelers argued that Azar's fee application "should be denied in its entirety, or in the alternative, drastically reduced and granted only in part" (Doc. # 30 at 8) for the following reasons: (1) a $14,242.00 bill based on four attorneys' time, high hourly rates, and 37 hours of work is "facially excessive" for preparation of a motion to remand (*id.* at 3); (2) Azar's attorneys employed "improper" block billing (*id.* at 5); and

(3) some of the attorneys' time entries were not reasonably incurred in seeking remand (*id*. at 6).  The Court will address each of these arguments in turn.

    1.    <u>Whether $14,242.00 Is Excessive for Preparation of a Motion for Remand</u>

Travelers asserts that preparing a motion for remand should not require four attorneys' work, 37.47 billed hours (including 21.1 hours for drafting and 16.37 hours for supervision by three senior attorneys), or such high billing rates.  (*Id*. at 4.)  The Court agrees with Travelers that the time billed for supervision was excessive (though only somewhat) and will reduce the allowed reimbursement accordingly.  However, this matter was by no means a simple one, as Travelers invoked "fraudulent misjoinder," a doctrine that the Tenth Circuit has not adopted.  *Azar & Associates,* 2013 WL 1874198, at *2.  Travelers' removal was unusually complex because of its basis in a novel theory, and therefore Azar's attorneys could reasonably have spent additional time researching and drafting their motion for remand.

An attorney could reasonably require more than 20 hours for resisting the removal of an action.  *See Casey v. Williams Prod. RMT Co.*, 599 F. Supp. 2d 1253, 1256 (D. Colo. 2009) (finding that 20 hours is a reasonable amount of time for an experienced attorney to spend on a motion for remand and related work).  A diligent attorney "should thoroughly investigate the opposition's papers and the relevant legal precedent and strive to produce competent and compelling work product; this investigation and drafting take time."  *Id*.  The Court finds that the 21.1 hours billed by the junior of Azar's four attorneys is a reasonable amount of time to research and draft

the motion for remand.  Additionally, after Travelers responded, Azar sought no additional fees for this attorney's preparation of the reply brief.

The Court turns next to the 16.37 hours originally billed by the supervising attorneys.  In its reply brief, Azar voluntarily withdrew the submission of Mr. Netzorg's time (Doc. # 33 at 2), leaving 14 hours billed by the two other senior attorneys, Messrs. Kern and Sturhahn (at seven hours each).  The Court finds it reasonable that these attorneys would spend half that time, or three-and-a-half billed hours each, in supervising the work of the junior attorney.

As to the attorneys' billing rates, Travelers suggests that an appropriate rate would be $235.00 per hour, which is the blended rate that Travelers pays its counsel of record.  (Doc. # 30 at 4.)  The Court rejects this suggestion, because the hourly rate a large, national insurance company pays on retainer is not analogous to the rates a local law firm must pay on a one-time basis to resist removal.  The Court is familiar with the rates charged in the Denver metropolitan area and concludes that  Azar's attorneys' rates, given their experience, skill, and specialization, were reasonable.[1]  *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1079 (10th Cir. 2002) (where "a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate.").  Moreover, the Court agrees with Azar that the reasonableness of its rates is

---

[1] Among the four attorneys' rates in the instant matter, only Mr. Netzorg's $650 per hour rate stands out as possibly being above the market rate for his peers in Denver.  But since Azar has removed Mr. Netzorg's billing from its request, whether or not his hourly rate is excessive is a moot point.

supported by recent court decisions.  (Doc. # 29-1 at 3 (citing *Nova Leasing, LLC v. Sun River Energy, Inc.*, No. 11-cv-00689, 2013 WL 1302265, at *2 (D. Colo. Mar. 28, 2013) (unpublished) (finding Mr. Kern's $450 per hour rate reasonable); *Memoryten, Inc. v. LV Admin. Servs., Inc.*, No. 12-cv-00993, 2013 WL 1154492, at *3 (D. Colo. Mar. 19, 2013) (unpublished) (finding $465 to $495 per hour for an experienced attorney and $275 per hour for a junior attorney reasonable in the Denver market)).)

        2.       <u>Whether Azar's Attorneys Employed "Improper" Block Billing</u>

Travelers next asserts that Azar's attorneys' bills are unreliable because "the time entries submitted involved heavy block billing (*i.e.*, aggregating multiple tasks under a single entry)."  (Doc. # 30 at 5.)  Travelers goes on to argue that block billing is a disfavored practice and that applicants should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."  (*Id.* (quoting *Hensley*, 461 U.S. at 437).)  The Supreme Court, however, noted that a party requesting attorney fees "is not required to record in great detail how each minute of his time was expended.  But at least counsel should identify the general subject matter of his time expenditures."  *Hensley*, 461 U.S. at 437 n.12.  In the instant case, Azar's billing records are detailed enough for the Court to reasonably identify their subject matter, and the subject matter described therein is reasonably related to the matter at hand.  In accordance with the Supreme Court's instruction that trial courts ought not strive to "achieve auditing perfection" or "become green-eyeshade accountants," *Fox*, 131 S.Ct. at 2216, the Court declines to further parse the billing time records.

### 3. Whether Some Time Entries Were Not Reasonably Incurred in Seeking Remand

Finally, Travelers urges the Court to apply the *Huffman* test, arguing that the billing hours submitted by Azar "include substantial amounts not actually incurred as a result of removal." (Doc. # 30 at 2.)  Under the *Huffman* test, district courts must "ensure that an award of attorneys' fees pursuant to § 1447(c) is reasonable" in that (1) the time entries are reasonable, (2) the billing practices are reasonable, and (3) the billing reflects efforts to resist removal. *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1134 (10th Cir. 2001).  The Court has already addressed the first two parts of the test in the sections above.  As to the third part, the Court finds that the billed hours represent efforts expended to resist removal, agreeing with Azar's assertion that "but for [Travelers] improper removal, none of the costs and expenses . . . would have been incurred." (Doc. # 33 at 1 (emphasis in original).)  Therefore, Azar's motion (as adjusted regarding the time entries) satisfies all three parts of the *Huffman* test.

Accordingly, the Court calculates Azar's fee award as follows: after removing the fees for work performed by Mr. Netzorg and reducing Messrs. Kern and Sturhahn's supervisory hours to seven (split at three-and-a-half hours each), there remains a **total fee award** of $9,674.00.  The modified table below reflects the Court's analysis:

| Time Keeper | No. of Hours | Hourly Rate | Amount Claimed |
|---|---|---|---|
| ~~Netzorg~~ | ~~2.37~~ | ~~$650~~ | ~~$1,540.50~~ |
| Kern | 3.50 ~~7.00~~ | $450 | $1,575.00 ~~$3,150.00~~ |
| Sturhahn | 3.50 ~~7.00~~ | $415 | $1,452.50 ~~$2,905.00~~ |
| Stromquist | 21.10 | $315 | $6,646.50 |
| **Total:** | **28.10** | **-** | **$9,674.00** |

## IV. **CONCLUSION**

For the foregoing reasons, it is ORDERED that Plaintiff's Motion for Order to Approve Fee Application (Doc. # 29) is GRANTED IN PART and DENIED IN PART. Consistent with the above analysis, it is

FURTHER ORDERED that Plaintiff is entitled to fees in the amount of **$9,674.00**.

DATED: September  26  , 2013

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge